Kevin Moshier, Esq. Informal Opinion Town Attorney No. 96-26 Town of Catlin 1448 Chambers Road Beaver Dams, N Y 14812
Dear Mr. Moshier:
You have asked which town official is responsible for determining whether the supervisor's resignation was made properly. You also ask whether a resignation addressed to the town board — with a copy sent to the town clerk — constitutes sufficient delivery to the town clerk under State law.
In a letter dated May 3, 1996, the town supervisor tendered his resignation to the town board by simply stating: "I hereby resign my four year elected position as Town Supervisor, due to health related matters effective May 31, 1996". The resignation letter contained a distribution list indicating the different individuals or offices that were to receive copies of the letter, with the words "Town Clerk, Catlin" appearing at the top of the list. You state that the town clerk received her copy of the letter through the mail at her office in an envelope addressed to her and that the town clerk acted upon the May 3, 1996 resignation letter by notifying the State and county boards of election of an impending vacancy in the office of town supervisor.
Town Law § 26 provides that "[a]ny town officer may resign to the town clerk in the manner provided by section thirty-one of the public officers law". The pertinent portions of Public Officers Law §31 state:
§ 31. Resignations
 1. Public officers may resign their offices as follows:
. . .
g. Every town officer, to the town clerk.
Subsection 2 of section 31 states that "[e]very resignation shall be in writing addressed to the officer or body to whom it is made". Public Officers Law § 31(2). Subsection 3 states that "[a] resignation addressed to an officer shall be delivered to him at his place of business or filed in his office". Id., § 31(3).
The Public Officers Law clearly requires that the town supervisor's letter of resignation be directed to the town clerk. Therefore, in response to your first question, the town clerk determines whether statutory requirements were met for the town supervisor's resignation.
While the letter was not addressed to the town clerk, the clerk was listed first on the letter as a copy recipient. This copy did meet the primary requirements of the statute — the resignation was memorialized in writing and delivered to the town clerk at her office.See, 1976 Op Atty Gen (Inf) 113, 114; copy enclosed. The contents of the town supervisor's May 3d letter indicated an unmistakable intent to resign his office.
In our opinion, the town supervisor took sufficient action to effect a valid resignation under section 31 of the Public Officers Law. While the town board clearly lacked the authority to accept the supervisor's resignation, his resignation letter became effective once a copy was delivered to the office of the town clerk. 1976 Op Atty Gen (Inf) 113; 1965 Op Atty Gen (Inf) 127. It is clear that the town clerk received actual written notice of the supervisor's intent to resign. You state that she received her copy by mail at her office and she notified the boards of election of an impending vacancy. There was substantial compliance with the main elements of section 31. Any conclusion to the contrary "would presume a difficulty in prying oneself from public office not apparent in precedent or the statute". Brescia v. Mugridge,52 Misc.2d 859, 863 (Sup Ct Suffolk Co), affd, 29 A.D.2d 632 (2d Dept 1967) (resignation of village mayor found valid notwithstanding failure to fully comply with statutory procedure).
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Yours truly,
JOSEPH CONWAY , Assistant Attorney General
Enclosure